OPINION
This is an appeal based on abuse of discretion of a decision of the Common Pleas Court of Guernsey County.
The facts indicate that the parties to this appeal were married on January 7, 1991, and divorced on November 7, 1997. No children resulted from the marriage.
The Court, in the decree of divorce, held:
 "The court finds that the parties had an agreement that the plaintiff's turn to get her degree would be after the Defendant retired from the navy."
At the time of the divorce, appellant was enrolled at Muskingum College with a potential graduation date in the Spring of 2000.
This court previously reviewed a prior Magistrate's decision and reversed for a determination of spousal support, which was ordered on October 27, 1998.
Pursuant to a motion of appellee to terminate spousal support as of June 2, 2000, the Magistrate denied the same based on lack of jurisdiction over such issue. The trial court disagreed.
On September 19, 2000, the Magistrate reconsidered the motion and issued an order continuing the current spousal support for six months and effective February, 2001 modified the spousal support to the sum of $500.00 per month to pay towards the arrearage.
This order was accepted by the trial court on November 8, 2000, and from this decision the appeal sub judice was taken.
The sole Assignment of Error is:
 I THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY TERMINATING THE SPOUSAL SUPPORT IN THIS MATTER.
In order to find an abuse of discretion, we must determine that the trial court's decision was unreasonable, arbitrary or unconscionable and not merely an error of law or judgment. Blakemore v. Blakemore (1983),5 Ohio St.3d 217. We must look at the totality of the circumstances in the case sub judice and determine whether the trial court acted unreasonably, arbitrarily or unconscionably.
Revised Code § 3105.18 (E) provides:
 "If a continuing order for periodic payments of money as alimony is entered in a divorce or dissolution of marriage action that is determined on . . . or after January 1, 1991, the court that enters the decree of divorce or dissolution of marriage does not have jurisdiction to modify the amount or terms of the alimony or spousal support unless the court determines that the circumstances of either party have changed and at least one of the following applies:
 1. In the case of a divorce, the decree or a separation agreement of the parties to the divorce that is incorporated into the decree contains a provision specifically authorizing the court to modify the amount or terms of alimony or spousal support."
In the divorce decree, the court retained jurisdiction over the spousal support. (Decree, pg. 8, paragraph 6).
The decree further provided at paragraph 19 of page 4 that:
 19. The Court finds the Plaintiff requests that spousal support be ordered in the sum of $2,500 per month for a period of 4 years to permit her to complete her college education and become self-sustaining. * * *
The Magistrate's Decision, accepted by the trial court, on the Motion to Terminate Spousal Support determined that appellant had graduated and was employed as a teacher in Washington State with approximate earnings of $26,000.00 per year.
The decision, in effect, terminated spousal support but, due to college loans, required payments to continue through January, 2001, with arrearage payments thereafter at $500.00 per month.
Appellant argues that no change of circumstances was listed in the decision. We must disagree. The earnings factor of appellant of approximately $26,000.00 per year is a sufficient recitation of a change in circumstances.
This Court cannot substitute its opinion for that of the trial court as to whether this is a self sustaining income or whether such is likely to continue.
We therefore find that the decision of the trial court was not unreasonable, arbitrary or unconscionable and find that the Assignment of Error is not well taken.
The decision of the trial court is affirmed.
 JUDGMENT ENTRY
For the reasons stated in our Memorandum-Opinion, the judgment of the Common Pleas Court of Guernsey County, Ohio, is affirmed. Costs to Appellant.
Boggins, J., Hoffman, P.J. and Wise, J. concur.